# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA D. RAJAPAKSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2328-JDT-dkv |
| | ) | |
| BAKER DONELSON BEARMAN | ) | |
| CALDWELL & BERKOWITZ, P.C., | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING MOTION FOR RECUSAL
### ORDER DENYING PLAINTIFF'S OBJECTIONS AND
### ADOPTING REPORT AND RECOMMENDATION
### ORDER OF DISMISSAL
### ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
### AND
### ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Samantha D. Rajapakse a/k/a Samantha Reed-Rajapakse, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on May 17, 2013, and a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.)  She sues the law firm of Baker Donelson Bearman Caldwell and Berkowitz, P.C. ("Baker Donelson"); David Bearman; the City of Memphis;[1] Herman Morris; and Robert Ratton, III.  United States Magistrate Judge Diane K. Vescovo subsequently granted leave to proceed *in forma pauperis*.  (D.E. 5.)[2]  On May 20, 2013 (D.E. 3), May 23, 2013

---

[1] Plaintiff also names the City of Memphis Law Division, which is department of the City of Memphis that is not suable separately.

[2] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

(D.E. 4), May 30, 2013 (D.E. 6), and June 8, 2013 (D.E. 8), Plaintiff filed documents purportedly evidencing a lien against the Defendants. The Magistrate Judge entered orders striking those documents as improper on May 31, 2013, and June 4, 2013. (D.E. 7 & 10.)[3] Also on June 4, 2013, Plaintiff filed a document titled "Plaintiff's Motion Seeking Estoppel and or Injunctive Order Against Defendants / Motion Seeking Restoration of Services to Property / Motion Seeking the Court to Intervene in Defendant Committing Harm or Injury to Plaintiff." (D.E. 9.) As this case is being dismissed, those motions are also DENIED.

On June 24, 2013, Plaintiff filed a motion for recusal of both the Magistrate Judge and the undersigned District Judge. (D.E. 11.) Magistrate Judge Vescovo denied the motion to recuse herself on July 12, 2013. (D.E. 12.) Plaintiff contends that the rulings of the Court, both in this case and in the prior action she filed, Rajapakse v. Memphis Light Gas and Water, case number 12-2807-JDT-dkv, have been "bias[ed] and one sided causing violation of her 14th Amendment Right, 5th Amendment Right as well as denied her equal protection of the law." (D.E. 11 at 2.) She asserts the Court has done nothing to protect her rights despite knowing about the actions of Memphis Light Gas and Water ("MLGW") and the Defendants in this case. Plaintiff further asserts that "the court in this district would not be fair in rendering a fair and unbias[ed] ruling or outcome of her case since many of the Judges are [MLGW] customers, . . . or has [sic] a special interest in this matter . . . ." (Id.)

---

[3] The June 4, 2013, order also noted that Plaintiff had attempted to communicate *ex parte* with Chief U.S. District Judge Jon P. McCalla, mistakenly believing him to be the assigned judge in a prior case that she filed, case number 12-2807-JDT-dkv. The Magistrate Judge reminded Plaintiff that such *ex parte* communication was prohibited and ordered her not to communicate directly with the Court or any court personnel by letter, email, telephone, or otherwise. Plaintiff was advised that she must communicate with the Court only through properly filed pleadings and motions. (D.E. 10 at 3.)

Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

In addition, 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

   (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

   (ii) Is acting as a lawyer in the proceeding;

>       (iii)    Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>
>       (iv)    Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b). A judge must recuse himself if, knowing all the circumstances, a reasonable, objective person would question the judge's impartiality. U.S. v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (citations omitted). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." Id. (citations omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. Sammons, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[4] Davis v. C.I.R., 734 F.2d 1302, 1303 (8th Cir. 1984); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984); United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984); United States v. Story, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. United States v. Adams, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing Holt v. KMI Continental, Inc., 821 F. Supp. 846, 847 (D. Conn.1993)).

The reasons offered by Plaintiff for recusal of the undersigned are insufficient to lead a reasonable, objective person to question this judge's impartiality in the present action. The fact that

---

[4] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky v. United States, 510 U.S. 540, 554-55 (1994).

the undersigned may have ruled against Plaintiff in this or any other case is not grounds for recusal. In addition, contrary to Plaintiff's suggestion, the undersigned is not a customer of MLGW and has no interest that would be affected by the outcome of this proceeding. Therefore, the motion for recusal is DENIED.

On July 12, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that this case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 13.) Plaintiff filed timely objections to the Report and Recommendation on July 22, 2013. (D.E. 14.)

Plaintiff's claims in this present case stem from alleged actions taken by the Defendants during the litigation of the prior case, which involved a billing dispute with MLGW resulting in the termination of Plaintiff's utility services. The defendants in that case, number 12-2807, which is currently on appeal, are MLGW, the City of Memphis, and Memphis Mayor AC Wharton, Jr. Baker Donelson represents MLGW, and Bearman is lead counsel; Ratton represents the City of Memphis.[5] In this case, number 13-2328, Plaintiff asserts, in effect, that the attorney Defendants engaged in unlawful and unethical tactics in the prior action and thereby assisted their clients in violating her rights. Therefore, she contends they also are liable. The claims are based on the Fourteenth Amendment to the U.S. Constitution, various federal and state statutes, and Rule 8 of the Rules of the Tennessee Supreme Court, which incorporates the Rules of Professional Conduct for attorneys licensed in Tennessee.

The Magistrate Judge has recommended that the complaint be dismissed in its entirety prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on

---

[5] In the complaint in 13-2328, Plaintiff alleges that Defendant Ratton was working under the supervision of Defendant Morris, the Memphis City Attorney. (No. 12-2807, D.E. 1 at 1, 4.)

which relief may be granted.  With regard to the claims arising under state law, the Magistrate Judge also recommended, in the alternative, that the Court decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

The Court has reviewed the complaint and the law and has carefully considered Plaintiff's objections.  Nothing in those objections persuades the Court that the Magistrate Judge's recommendation should be rejected.  The Magistrate Judge fully explained her decision, and the Court agrees with her conclusions.  The issuance of a more detailed written opinion is unnecessary.  Therefore, the Court hereby DENIES Plaintiff's objections and ADOPTS the Report and Recommendation of the Magistrate Judge.  Accordingly, this case is hereby DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).  See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."  If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  Id.  It would be inconsistent for a court to determine that

6

a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith.  Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.  Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE